■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD HAGGINS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered February 22, 1984, convicting him of robbery in the

first degree, robbery in the second degree (two counts), and attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted for offenses committed on August 27, August 28, and September 8, 1983. The victim of the attempted robbery on September 8 was asked on cross-examination whether he was engaged in illegal gambling at various times before and after the August 27th through September 8th period for which he had been granted transactional immunity. The victim invoked his 5th Amendment privilege against self-incrimination. No questioning or testimony had taken place on direct examination of the witness regarding gambling activity. The defendant moved to dismiss on the basis that the witness's testimony was needed to establish the defense theory that the robberies were fabricated to cover gambling losses. The court denied the motion to dismiss but advised defense counsel to direct his inquiry to the immunity period. Thereafter, counsel made inquiry pertaining to the immunity period and elicited the information that people engaged in the gambling business were accountable to their bankers for losses. Thus, the defendant was able to present his defense through testimony and highlighted it on summation. Accordingly, this is not a case where the refusal to answer impaired the fact-finding process by preventing the defendant from testing direct examination testimony or by preventing him from impeaching the witness or establishing a defense *(see, People v Chin,* 67 NY2d 22). Therefore, the defendant was not prejudiced by invocation of the privilege.

We have considered those of the defendant's additional contentions of error which have been preserved for review and find them either to be without merit or harmless in view of the overwhelming evidence of the defendant's guilt. We decline to exercise our interest of justice jurisdiction to review those contentions which were unpreserved for appellate review *(see,* CPL 470.05 [2]). Mangano, J. P., Thompson, Bracken and Spatt, JJ., concur.